UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 06-74T |
| | : | |
| JOSE GORIS | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on November 2, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant released pending my Report and Recommendation and final sentencing before Senior Judge Ernest C. Torres. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant's term of supervised release be extended for an additional eighteen months and be modified to provide that the first six months of such extended term include the condition of home confinement[1] with electronic monitoring.**

---

[1] While on home confinement, Defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by his Probation Officer.

## Background

On August 9, 2007, the Probation Office petitioned the Court for the issuance of a summons for Defendant's appearance. On August 13, 2007, the District Court ordered the issuance of a summons as requested in the Petition. Defendant appeared in Court on October 17, 2007 for a preliminary hearing. A subsequent hearing was held on November 2, 2007 at which time Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on probation, the defendant shall not commit another federal, state, or local crime.**
>
> On December 30, 2005, Mr. Goris provided false information to 911 and falsely reported a crime as evidenced by his March 6, 2006 conviction.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release. At the October 17, 2007 hearing, the Government made an oral motion to amend the Violation Petition to dismiss the following charge because the underlying State charge was dismissed:

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> Mr. Goris committed the offense of Reckless Driving as evidence by his July 20, 2007 arrest by the Providence, Rhode Island Police Department.

The Government's motion to dismiss this charge was granted.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class D felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release

shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed

a Grade C violation. Therefore, the Court may revoke supervision, extend the term of supervised release or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there are no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of III. Therefore, the applicable range of imprisonment for this violation is five to eleven months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant was convicted of conspiracy with intent to distribute marijuana in the Western District of Texas. He was sentenced to twelve months and one day of incarceration followed by three years supervised release. Defendant's supervised release commenced on November 18, 2004 and was set to expire on November 17, 2007. Jurisdiction over Defendant's supervised release was accepted by this District on June 27, 2006 (Defendant is a life-long resident of Rhode Island). This is Defendant's first supervised release violation charge.

Defendant has admitted to a Grade C violation. Thus, the Court has the discretion to revoke Defendant's supervised release or extend or modify Defendant's conditions of supervision. If revoked, the guideline range is five to eleven months. Defendant has admitted to committing the offenses of providing false information to 911 and falsely reporting a crime. He pled nolo to these

misdemeanors on March 6, 2006 in Rhode Island District Court and received a sentence of one year suspended / one year probation.

For this violation, the Government requests an above guidelines sentence of twelve months' incarceration to be followed by an additional twenty-four months' supervised release. Although Defendant admitted the violation, he has offered a mitigating explanation as to the factual basis for the State convictions and seeks a termination of his supervised release.

At the hearing, I listened to the entire series of 911 calls in question. In the early morning hours of December 30, 2005, Defendant was present, with a woman, at Bickford's Restaurant in Warwick. Defendant's ex-girlfriend arrived on scene and a dispute ensued. Defendant left Bickford's as a passenger in the woman's car. His ex-girlfriend followed, and a high-speed "chase" took place on Route 95 North from Bickford's to Eddy Street in Providence. During this "chase," Defendant made repeated 911 calls and reported that his ex-girlfriend was shooting at him.[2] Defendant ultimately gave his name and location to police. Although the ex-girlfriend admitted there was an argument that started at Bickford's and continued between vehicles on the highway, she denied shooting at Defendant. Defendant's Ex. B. No weapon or evidence of gun shots was found. Id. Defendant told police he heard "noises" and thought he was being shot at. Id.

From my review of the 911 call and Defendant's explanation, I am not convinced that Defendant intentionally made a false 911 call. Defendant gave his name to the 911 operator and directed the police to his location. If Defendant was making a false 911 call to harass his ex-

[2] Both the State Police Report (Defendant's Ex. B) and the Violation Report filed in this Court indicate that Defendant reported to 911 that he had been shot in the stomach. Based on my review of the 911 call, Defendant did report being shot at, but never reported being shot in the stomach. Defendant was not shot.

girlfriend, he would presumably have made an anonymous call since he was on federal supervision. While Defendant's reaction may have been exaggerated and mistaken as to the alleged gun shots, it appears from the calls, and Defendant's explanation, that he was concerned for his safety. If so, then why did Defendant plead nolo to the State charges. He likely plead nolo because the charges were misdemeanors, he was offered a suspended sentence and probation, and he did not have the benefit of counsel.

Under these circumstances, the Government's request for an above guidelines sentence of twelve months is unreasonable.[3] Given the totality of the circumstances surrounding the State misdemeanor convictions, it almost appears that the Government could be using this case to punish Defendant for uncharged misconduct. The misdemeanor charges underlying this case occurred nearly two years ago and do not warrant returning Defendant to prison. Thus, I do not recommend revocation for this Grade C violation. However, Defendant has admitted to a Grade C violation and his behavior underlying the 911 charges and the dismissed reckless driving charge are indicative of erratic behavior. A further period of supervised release to monitor Defendant's behavior is prudent. Thus, I recommend an extension of the term of Defendant's supervised release for an additional eighteen months and a modification to include home confinement for six months as specified below.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant's term of supervised release be extended for an additional eighteen months and be**

[3] This is essentially the same sentence as Defendant's original federal sentence of twelve months and one day for the offense of conspiracy to distribute marijuana.

**modified to provide that the first six months of such extended term include the condition of home confinement[4] with electronic monitoring..** Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 20, 2007

[4] While on home confinement, Defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by his Probation Officer.